| STATE OF SOUTH CAROLINA | ) | IN THE COURT OF COMMON PLEAS |
|---|---|---|
| COUNTY OF RICHLAND | ) EXHIBIT A | |
| | ) | |
| Nicole Torgersund | ) | CIVIL ACTION COVERSHEET |
| Plaintiff(s) | ) | |
| | ) | 2018-CP - 40- 01299 |
| vs. | ) | |
| | ) | |
| Kermark Group, Inc. d/b/a Sonic | ) | |
| Defendant(s) | ) | |

**Submitted By:** Arthur K. Aiken
**Address:** 2231 Devine Street Suite 201
Columbia, SC 29205

**SC Bar #:** 12983
**Telephone #:** (803) 799-5205
**Fax #:** (803) 799-5206
**Other:**
**E-mail:** art@aikenandhightower.com

NOTE: The coversheet and information contained herein neither replaces nor supplements the filing and service of pleadings or other papers as required by law. This form is required for the use of the Clerk of Court for the purpose of docketing cases that are NOT E-Filed. It must be filled out completely, signed, and dated. A copy of this coversheet must be served on the defendant(s) along with the Summons and Complaint. This form is NOT required to be filed in E-Filed Cases.

## DOCKETING INFORMATION (Check all that apply)

*If Action is Judgment/Settlement do not complete*

- [x] **JURY TRIAL** demanded in complaint.
- [ ] **NON-JURY TRIAL** demanded in complaint.
- [x] This case is subject to **ARBITRATION** pursuant to the Court Annexed Alternative Dispute Resolution Rules.
- [ ] This case is subject to **MEDIATION** pursuant to the Court Annexed Alternative Dispute Resolution Rules.
- [ ] This case is exempt from ADR. (Proof of ADR/Exemption Attached)

## NATURE OF ACTION (Check One Box Below)

| Contracts | Torts - Professional Malpractice | Torts – Personal Injury | Real Property |
|---|---|---|---|
| ☐ Constructions (100) | ☐ Dental Malpractice (200) | ☐ Conversion (310) | ☐ Claim & Delivery (400) |
| ☐ Debt Collection (110) | ☐ Legal Malpractice (210) | ☐ Motor Vehicle Accident (320) | ☐ Condemnation (410) |
| ☐ General (130) | ☐ Medical Malpractice (220) | ☐ Premises Liability (330) | ☐ Foreclosure (420) |
| ☐ Breach of Contract (140) | Previous Notice of Intent Case # | ☐ Products Liability (340) | ☐ Mechanic's Lien (430) |
| ☐ Fraud/Bad Faith (150) | 20____-NI-____-____ | ☐ Personal Injury (350) | ☐ Partition (440) |
| ☐ Failure to Deliver/ Warranty (160) | ☐ Notice/ File Med Mal (230) | ☐ Wrongful Death (360) | ☐ Possession (450) |
| | ☐ Other (299) _____ | ☐ Assault/Battery (370) | ☐ Building Code Violation (460) |
| ☒ Employment Discrim (170) | | ☐ Slander/Libel (380) | ☐ Other (499) _____ |
| ☐ Employment (180) | | ☐ Other (399) _____ | |
| ☐ Other (199) _____ | | | |

| Inmate Petitions | Administrative Law/Relief | Judgments/Settlements | Appeals |
|---|---|---|---|
| ☐ PCR (500) | ☐ Reinstate Drv. License (800) | ☐ Death Settlement (700) | ☐ Arbitration (900) |
| ☐ Mandamus (520) | ☐ Judicial Review (810) | ☐ Foreign Judgment (710) | ☐ Magistrate-Civil (910) |
| ☐ Habeas Corpus (530) | ☐ Relief (820) | ☐ Magistrate's Judgment (720) | ☐ Magistrate-Criminal (920) |
| ☐ Other (599) | ☐ Permanent Injunction (830) | ☐ Minor Settlement (730) | ☐ Municipal (930) |
| | ☐ Forfeiture-Petition (840) | ☐ Transcript Judgment (740) | ☐ Probate Court (940) |
| | ☐ Forfeiture—Consent Order (850) | ☐ Lis Pendens (750) | ☐ SCDOT (950) |
| | ☐ Other (899) | ☐ Transfer of Structured Settlement Payment Rights Application (760) | ☐ Worker's Comp (960) |
| | | | ☐ Zoning Board (970) |
| | | | ☐ Public Service Comm. (990) |
| | | ☐ Confession of Judgment (770) | ☐ Employment Security Comm (991) |

| Special/Complex /Other | | | |
|---|---|---|---|
| ☐ Environmental (600) | ☐ Pharmaceuticals (630) | ☐ Petition for Workers Compensation Settlement Approval (780) | |
| ☐ Automobile Arb. (610) | ☐ Unfair Trade Practices (640) | | ☐ Other (999) |
| ☐ Medical (620) | ☐ Out-of State Depositions (650) | ☐ Incapacitated Adult Settlement (790) | |
| ☐ Other (699) _____ | ☐ Motion to Quash Subpoena in an Out-of-County Action (660) | | |
| ☐ Sexual Predator (510) | ☐ Pre-Suit Discovery (670) | ☐ Other (799) _____ | |
| ☐ Permanent Restraining Order (680) | | | |
| ☐ Interpleader (690) | | | |

**Submitting Party Signature:** _[signature]_    **Date:** 03.07.18

**Note:** Frivolous civil proceedings may be subject to sanctions pursuant to SCRCP, Rule 11, and the South Carolina Frivolous Civil Proceedings Sanctions Act, S.C. Code Ann. §15-36-10 et. seq.

SCCA / 234 (02/2018)    Page 1 of 2

**Effective January 1, 2016,** Alternative Dispute Resolution (ADR) is mandatory in all counties, pursuant to Supreme Court Order dated November 12, 2015.

SUPREME COURT RULES REQUIRE THE SUBMISSION OF ALL CIVIL CASES TO AN ALTERNATIVE DISPUTE RESOLUTION PROCESS, UNLESS OTHERWISE EXEMPT.

**Pursuant to the ADR Rules, you are required to take the following action(s):**

1. The parties shall select a neutral and file a "Proof of ADR" form on or by the 210th day of the filing of this action. If the parties have not selected a neutral within 210 days, the Clerk of Court shall then appoint a primary and secondary mediator from the current roster on a rotating basis from among those mediators agreeing to accept cases in the county in which the action has been filed.

2. The initial ADR conference must be held within 300 days after the filing of the action.

3. Pre-suit medical malpractice mediations required by S.C. Code §15-79-125 shall be held not later than 120 days after all defendants are served with the "Notice of Intent to File Suit" or as the court directs.

4. Cases are exempt from ADR only upon the following grounds:

    a. Special proceeding, or actions seeking extraordinary relief such as mandamus, habeas corpus, or prohibition;

    b. Requests for temporary relief;

    c. Appeals

    d. Post Conviction relief matters;

    e. Contempt of Court proceedings;

    f. Forfeiture proceedings brought by governmental entities;

    g. Mortgage foreclosures; and

    h. Cases that have been previously subjected to an ADR conference, unless otherwise required by Rule 3 or by statute.

5. In cases not subject to ADR, the Chief Judge for Administrative Purposes, upon the motion of the court or of any party, may order a case to mediation.

6. Motion of a party to be exempt from payment of neutral fees due to indigency should be filed with the Court within ten (10) days after the ADR conference has been concluded.

**Please Note:**     **You must comply with the Supreme Court Rules regarding ADR. Failure to do so may affect your case or may result in sanctions.**

| | |
|---|---|
| STATE OF SOUTH CAROLINA ) | IN THE COURT OF COMMON PLEAS |
| COUNTY OF RICHLAND ) | FOR THE FIFTH JUDICIAL CIRCUIT |
| ) | Civil Action Number: 2018-CP-40- |
| Nicole Torgersund ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **SUMMONS** |
| ) | **(Jury Trial Requested)** |
| Kermark Group, Inc. d/b/s Sonic ) | |
| ) | |
| ) | |
| Defendant. ) | |
| ) | |

*[Stamp: RICHLAND COUNTY FILED 2018 MAR -7 PM 12:48 JEANETTE W. MCBRIDE C.C.P. & G.S.]*

**TO THE DEFENDANT ABOVE NAMED:**

**YOU ARE HEREBY SUMMONED** and required to answer the Complaint in this action, a copy of which is herewith served upon you, and to serve a copy of your answer to the Complaint on the subscribers at their offices, located at 2231 Devine Street, Suite 201, Columbia, South Carolina 29205, within thirty (30) days after the service hereof, exclusive of the date of such service; and if you fail to answer, appear and defend within thirty (30) days after service hereof, exclusive of the date of such service, judgment by default will be rendered against you for the relief demanded in the Complaint.

                                        Respectfully Submitted,

                                        AIKEN & HIGHTOWER, P.A.

                                        By: _____
                                        **ARTHUR K. AIKEN**
                                        2231 Devine Street, Suite 201
                                        Columbia, South Carolina 29205
                                        Phone: (803) 799-5205
                                        Fax: (803) 799-5206
                                        Email: art@aikenandhightower.com
                                        **ATTORNEYS FOR PLAINTIFF**

Columbia, South Carolina
March 7, 2018

| | |
|---|---|
| STATE OF SOUTH CAROLINA )<br>COUNTY OF RICHLAND        ) <br>                                              )<br>Nicole Torgersund                    )<br>                                              )<br>Plaintiff,                                 )<br>                                              )<br>v.                                           )<br>                                              )<br>The Kermark Group, inc. d/b/a )<br>Sonic                                      )<br>                                              )<br>Defendants.                            )<br>_____) | IN THE COURT OF COMMON PLEAS<br>FOR THE FIFTH JUDICIAL CIRCUIT<br>Civil Action Number: 2018-CP-40-<br><br><br><br><br><br>**COMPLAINT**<br>**(Jury Trial Requested)** |

The Plaintiff, Nicole Torgersund (Torgersund), complains against the Defendant, Kermark Group, Inc. d/b/a Sonic (Kermark) as follows:

### PARTIES

1. Torgersund is a female citizen and resident of Aiken County, South Carolina.

2. Kermark is a Georgia Corporation in the business of operating Sonic fast food restaurants with its principal place of business in Evans, Georgia and with offices and agents in Richland County, South Carolina.

### JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction over this case and will have personal jurisdiction over the Defendant on proper service of the Summons and Complaint.

4. Venue is proper in this Court.

### GENERAL ALLEGATIONS

5. At all times relevant to the allegations in this Complaint, Kenmark had more than fifteen (15) employees.

6. From on or about June 16, 2016 until she was told that she would no longer be scheduled for work in November of 2016, Torgersund worked for Kermark with the position of car hop as of her termination.

7. During her employment with Kermark, Torgersund worked primarily at a Kermark Sonic restaurant on Whiskey Road in Aiken, South Carolina (Aiken location), and all the sexual harassment described below occurred at that location.

8. During Torgersund's employment with Kermark, Torgersund's co-employee, Allie Lindell (Lindell), sexually harassed Torgersund in mid to late July of 2016 and in mid-August of 2016 by doing the following, among other things:

    a. inappropriately touching Torgersund in her private areas; and

    b. inappropriately rubbing his genitals on Torgersund

9. Torgersund reported Lindell's sexual harassment to supervisory level employees of Kermark.

10. Torgersund reported the July 2016 sexual harassment the same day that it occurred, but no action was taken to protect Torgersund from further harassment. Kermark's failure to properly respond to Torgersund's July 2016 report of sexual harassment led to Torgersund's further sexual harassment by Lindell in August of 2016.

11. Torgersund reported the August 2016 harassment as well, and after that report, Kermark management told Torgersund that she would no longer be scheduled for work. Kermark never placed Torgersund back on the work schedule and, in effect, terminated Torgersund.

## CAUSE OF ACTION

12. Torgersund re-alleges all allegations in the preceding paragraphs of this Complaint that are consistent herewith.

2

13. This is an action under 42 USC § 2000e-5 that alleges sexual harassment and retaliation for making a sexual harassment claim.

14. Within one hundred eighty (180) days of the sexual harassment and retaliation, Torgersund filed a Charge of Discrimination with the South Carolina State Human Affairs Commission (SHAC) in which she alleged sexual harassment by Lindell and charged Kermark with unlawful sex discrimination and retaliation against her for making a sexual harassment complaint.

15. On December 7, 2017, the EEOC issued a Notice of Right to Sue to Torgersund, and the filing of this action has occurred within 90 days of receipt of the EEOC's Notice of right to Sue.

16. Torgersund suffered discrimination because of her sex in that she was subjected to sexual harassment that was both severe and pervasive and suffered retaliation in that she was terminated for making a sexual harassment complaint.

17. The sexual harassment was of the hostile work environment type in that it made it impossible for Torgersund to continue her employment.

18. Torgersund told supervisory level employees of Kenmark about the July 2016 harassment; yet, Kermark personnel did nothing to stop it.

19. Torgersund told supervisory level employees of Kermark about the August 2016 harassment, and Kermark responded by taking Torgersund off the work schedule and, in effect terminating her.

20. The sexual harassment and retaliation have caused great harm to Torgersund in that she has suffered and continues to suffer mental anguish, emotional distress, loss of income both past and future, and impairment of her earning capacity.

21. Torgersund is informed and believes that she is entitled to recover actual and punitive damages from Kermark for sexual harassment and retaliation in violation of 42 USC § 2000e-5.

**WHEREFORE**, Torgersund prays for judgment against the Defendant for actual damages, punitive damages, attorney's fees, costs and such other and further relief as this Court may deem just and proper.

Respectfully Submitted,

**AIKEN & HIGHTOWER, P.A.**

By: _____
**ARTHUR K. AIKEN**
2231 Devine Street, Suite 201
Columbia, South Carolina 29205
Phone: (803) 799-5205
Fax: (803) 799-5206
Email: art@aikenandhightower.com
**ATTORNEYS FOR PLAINTIFF**

Columbia, SC
March 7, 2018

4

| | |
|---|---|
| STATE OF SOUTH CAROLINA ) | IN THE COURT OF COMMON PLEAS |
| COUNTY OF RICHLAND ) | FIFTH JUDICIAL CIRCUIT |

Nicole Torgersund

    Plaintiff

vs.

Kermark Group, Inc,

    Defendant.

Case No.: 2018-CP-40-01299

**CERTIFICATE OF SERVICE**

I, Alicia Parler, certify that on this date, March 23, 2018, I served Plaintiff's Summons and Complaint upon the Registered Agent for the Defendant, Mark Irvin, by Certified Mail, Restricted Delivery addressed 618 Ponder Place Drive Suite 1 Evans, GA 30809.

*Alicia Parler*
Alicia Parler
Paralegal at Aiken & Hightower, PA
2231 Devine Street, Suite 201
Columbia, SC 29205
Tel 803-799-5205
Fax 803-799-5206
alicia@aikenandhightower.com

March 26, 2018
Columbia, South Carolina

1

| SENDER: COMPLETE THIS SECTION | COMPLETE THIS SECTION ON DELIVERY |
|---|---|
| ■ Complete items 1, 2, and 3.<br>■ Print your name and address on the reverse so that we can return the card to you.<br>■ Attach this card to the back of the mailpiece, or on the front if space permits. | A. Signature<br>X _[signature]_  ☐ Agent  ☒ Addressee<br>B. Received by (Printed Name): MARK IRVIN<br>C. Date of Delivery: 3-27-18 |
| 1. Article Addressed to:<br>Mark Irvin<br>Kermaric Group Inc.<br>618 Ponder Place Drive ste 1<br>Evans, GA 30809 | D. Is delivery address different from item 1? ☒ Yes<br>If YES, enter delivery address below: ☐ No<br>P.O. Box 210<br>Grovetown, GA 30813 |
| 9590 9402 2228 6193 3597 54 | 3. Service Type<br>☐ Adult Signature<br>☐ Adult Signature Restricted Delivery<br>☒ Certified Mail®<br>☐ Certified Mail Restricted Delivery<br>☐ Collect on Delivery<br>☐ Collect on Delivery Restricted Delivery<br>☐ Insured Mail<br>☐ Insured Mail Restricted Delivery<br>☐ Priority Mail Express®<br>☐ Registered Mail™<br>☐ Registered Mail Restricted Delivery<br>☒ Return Receipt for Merchandise<br>☐ Signature Confirmation™<br>☐ Signature Confirmation Restricted Delivery |
| 2. Article Number (Transfer from service label)<br>7015 0640 0002 2684 6843 | |

PS Form 3811, July 2015 PSN 7530-02-000-9053   Domestic Return Receipt

ELECTRONICALLY FILED - 2018 Mar 26 12:55 PM - RICHLAND - COMMON PLEAS - CASE#2018CP4001299

**USPS TRACKING #**

9590 9402 2228 6193 3597 54

**United States Postal Service**

First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

Sender: Please print your name, address, and ZIP+4® in this box

Aiken & Hightower, PA
2231 Devine Street Ste 201
Columbia, SC 29205

ELECTRONICALLY FILED - 2018 Mar 26 12:55 PM - RICHLAND - COMMON PLEAS - CASE#2018CP4001299